## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAELA KANE<br>51 Nightingale Lane<br>Levittown, PA 19054 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | DOCKET NO.: |
| v. | : <br> : |  |
| ABIRA MEDICAL LABORATORIES,<br>LLC *d/b/a* GENESIS DIAGNOSTICS<br>900 Town Center Drive, Suite H50<br>Langhorne, PA 19047 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : |  |

## CIVIL ACTION COMPLAINT

Michaela Kane (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against Abira Medical Laboratories, LLC *d/b/a* Genesis Diagnostics (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq*.), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff asserts, *inter alia*, that she was discriminated and retaliated against and unlawfully terminated by Defendant.  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII and the ADA.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII and the ADA.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Abira Medical Laboratories, LLC *d/b/a* Genesis Diagnostics provides professional analytic and diagnostic services for the medical profession, with an address set forth in the above caption.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is an adult female.

12.     Plaintiff was hired to work for Defendant in or about February of 2018.

13.     While Plaintiff was originally hired to work for Defendant as a scanner (wherein she was charged with scanning records into the system), her position changed quite often.  Plaintiff was moved from billing, to customer service, to the laboratory manager's assistant.

14.     In Plaintiff's role as assistant to the laboratory manager, she was primarily performing the role of a laboratory accessioner.   Plaintiff was informed that she was being placed into this position because they were understaffed but that she would be transferred back to molecular lab manager's assistant once things settled down; however, this never happened.

15.     Plaintiff instead performed the work of a laboratory accessioner from in or about February/March of 2020 until her unlawful termination in or about July of 2020.

16.     During her tenure with Defendant, Plaintiff was a hard-working employee who performed her job well.

17.     Upon Plaintiff's observations and personal experiences, Defendant's management and other employees favored male employees and exhibited discriminatory animus towards

Plaintiff and other female employees, thus creating a very gender-biased workplace.  For example, but not intended to be an exhaustive list:

    a.  Unlike Plaintiff's male co-workers, Defendant's owner, Alan Miller (*hereinafter* "Miller") treated female employees in a very degrading and condescending manner, and regularly talked down to them;

    b.  Unlike Plaintiff's male co-workers, Defendant's owner/management selectively enforced policies against Plaintiff and other female employees;

    c.  On at least one occasion, Miller referred to female employee as a "dog";

    d.  Plaintiff and other female employees were regularly assigned to various different positions within Defendant without proper training or experience;

    e.  Men were not nearly moved around as much as women. In fact, the one male Plaintiff believes was moved to a different position was an employee named Matt (last name unknown, *hereinafter* "Matt") because he asked for his position to be changed; and

    f.  Male employees were able to keep their same positions, despite Defendant being understaffed.

18.    In addition to the foregoing instances of gender discrimination and disparate treatment that Plaintiff observed/personally experienced, Plaintiff was often asked to work overtime (sometimes 7 days a week).

19.    The aforesaid overtime that Plaintiff was often asked to work was not mandatory and, while she would pick up a few hours here and there upon request, she often times expressed to Miller that she was unable to work 7 days a week because of her mental health and/or that it wasn't good for her mental health to work that number of hours.

20.     In response to Plaintiff's concerns that she was unable to work 7 days per week

because of her mental health, Miller would make discriminatory comments to other employees

about Plaintiff as a result, including but not limited to stating "she is fucking crazy," "she has

issues," "she is neurotic," and "we need to figure out how to get rid of her."

21.     Thereafter, Miller and Defendant's other management, including but not limited to

Dawn Dario (*hereinafter* "Dario") would (presumably at the direction of Miller) constantly harass

Plaintiff and look for reasons to terminate her employment.  For example, but not intended to be

an exhaustive list:

      a.  Plaintiff was constantly followed around and monitored in Defendant's facility; and

      b.  Plaintiff was even questioned on several occasions as to why she had spoken to

         someone for a certain number of minutes (as if her conversations were being timed

         by Defendant's management).

22.     Plaintiff was abruptly and without warning terminated in or about July of 2020.

Plaintiff was not provided with a reason for her termination, but was just simply told that three

employees, Dario, Miller, Mike agreed that she should not return to work.

23.     Plaintiff believes and avers that she was really subjected to a hostile work

environment and terminated because of her gender and for reasons directly related to Defendant's

management's perception that she suffered from disabilities and therefore was unable to perform

the duties of her position, which is completely false and discriminatory.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Gender Discrimination and [2] Hostile Work Environment

24.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

25.     During Plaintiff's employment with Defendant, she was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her gender (discussed *supra*).

26.     Plaintiff was abruptly terminated in or about July of 2020, because at least two male employees did not want her to work for Defendant.

27.     Plaintiff believes and therefore avers that she was really subjected to a hostile work environment and terminated because of her gender.

28.     Defendant's actions as aforesaid constitute unlawful discrimination and a hostile work environment in violation of Title VII.

**COUNT II**
**Violations of the Americans with Disabilities Act "ADA"**
**([1] Perceived Disability Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Despite the fact that Plaintiff was fully capable of performing her job duties, Defendant terminated her employment.

31.     Upon Plaintiff's information and belief, Defendant's owner, Miller, made several discriminatory comments regarding Plaintiff and how he perceived her to have mental disabilities (discussed *supra*) and therefore incapable of performing the duties of her job.

32.     Following Plaintiff's request to refrain from having to work 7 days per week because of her mental health and/or that it wasn't good for her mental health to work that number of hours, Defendant's owner commented to Plaintiff's co-workers that "we need to figure out how to get rid of her [Plaintiff]," and then abruptly terminated her thereafter.

33.     Plaintiff believes and therefore avers that she was terminated by Defendant because Defendant's management perceived her to be disabled and in retaliation for her requests to refrain from working 7 days per week because it would negatively impact her mental health.[2]

34.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

---

[2] *See Deane v. Pocono Medical Center,* 142 F.3d 138, 144 (3d Cir. 1998) ("[E]ven an innocent misperception based on nothing more than a simple mistake of fact as to the severity, or even the very existence, of an individual's impairment can be sufficient to satisfy the statutory definition of a perceived disability."); *see also Buskirk v. Apollo Metals*, 307 F.3d 160, 167 (3d Cir. 2002) ("[T]he analysis 'focuses not on [the plaintiff] and his actual disabilities, but rather on the reactions and perceptions of the persons interacting or working with him'" (quoting *Kelly v. Drexel Univ.*, 94 F.3d 102, 108-09 (3d Cir. 1996))); *Showers v. Endoscopy Center of Central Pennsylvania, LLC,* 58 F.Supp.3d 446, 462 (M.D. Pa. 2014) (emphasis added) ("A claim that an employer regarded an employee as disabled focuses on the 'reactions and perceptions' of the employer; the employee need not have an actual impairment to state a disability discrimination claim") (emphasis added) (citation omitted).

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just,

proper and appropriate (including but not limited to damages for emotional distress, pain, suffering

and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable

attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
        Ari R. Karpf, Esq.
        3331 Street Rd.
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated:  September 28, 2020

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

|  |  |  |
|---|---|---|
| Michaela Kane | : | CIVIL ACTION |
| v. | : | |
| Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| 9/28/2020 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  51 Nightingale Lane, Levittown, PA 19054

Address of Defendant:  900 Town Center Drive, Suite H50, Langhorne, PA 19047

Place of Accident, Incident or Transaction:  Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes [ ]     No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes [ ]     No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes [ ]     No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes [ ]     No [X]

I certify that, to my knowledge, the within case   [ ] is / [X] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  9/28/2020 _____     _____     ARK2484 / 91538 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE:  9/28/2020 _____     _____     ARK2484 / 91538 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KANE, MICHAELA

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

### REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

### CIVIL RIGHTS
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

### LABOR
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

### IMMIGRATION
- 462 Naturalization Application
- 465 Other Immigration Actions

### BANKRUPTCY
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

### SOCIAL SECURITY
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

### FEDERAL TAX SUITS
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADA (42USC12101)

Brief description of cause:
Violations of Title VII, ADA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes     No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   9/28/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**Print**     **Save As...**     **Reset**